IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| Gary Null & Associates, Inc. | \| | |
| Plaintiff | \| | |
| v. | \| | |
| Pacifica Foundation, Inc, Berthold Reimers, | \| | CIVIL ACTION NO: 1:16-CV-241 |
| Lydia Brazon, John Gladney Proffitt, Margy | \| | **COMPLAINT** |
| Wilkinson, Mitchell Cohen | \| | |
| Defendants | \| | |

The Plaintiff, Gary Null & Associates, Inc, complaining of the acts by the Defendants, hereby pleads and alleges as follows:

## INTRODUCTION

1. Community radio is a radio service designed to offer a third model of

radio broadcasting in addition to commercial and public broadcasting. As conceived, community stations serve geographic communities and communities of interest. They broadcast content that is popular and relevant to a local, specific audience but is often overlooked by commercial or mass-media broadcasters. Community radio stations are or are supposed to be operated, owned, and influenced by the communities they serve. They are generally nonprofit and provide a mechanism for enabling individuals, groups, and communities to tell their own stories, to share experiences and, in a media-rich world, to become creators and contributors of media. These and other noble concepts form the basis around which the member radio stations of Defendant Pacifica Foundation were built and they served that purpose for many years.  See http://pacifica.org/about_mission.php.

1

2. However noble the concept of community radio, such organizations are not immune from the laws of the United States and the state of New York protecting owners of intellectual property from infringement and piracy and protecting the rights of consumers from deception and fraud. As part of a years long deterioration of leadership and loss of sense of mission, the Defendants have engaged in acts evidencing callous disregard for the intellectual property and contractual rights of others and an equal disregard for the communities they are pledged to serve. The pattern of such behavior is so pervasive that it is part of the culture within which the Defendants operate, to the injury of the Plaintiff and in the betrayal of the trust given to community radio stations by its listeners, for whom it depends upon for financial support.

## JURISDICTION AND VENUE

3. This is a complaint for trademark counterfeiting, trademark infringement, trademark dilution, unfair competition and false descriptions arising under §§ 32 and 43 of the Lanham Act, 15 U.S.C. §§ 1114(1) and 1125(a); for copyright infringement under the copyright laws of the United States 17 U.S.C. §101 et.seq.; and for related state statutory and common law claims for unfair trade practices, unfair competition, injury to business reputation, breach of contract and fraud.

4. This Court has original subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a). This Court has related claim jurisdiction over the state law claims pursuant to 28 U.S.C. §1338(b) and 28 U.S.C. 1367.

5. This Court has personal jurisdiction over Defendant Pacifica Foundation, Inc. as it

2

maintains a place of business in this judicial district. This Court has personal jurisdiction over the individually named Defendants either because they reside in this state and/or pursuant to New York C.P.L.R. §§ 302(a)(1), 302(a)(2) and/or 302(a)(3)(i) or 302(a)(3)(ii)

6. Venue is proper in this district under 28 U.S.C. § 1391(b), in that a substantial part of the events or omissions giving rise to the claims occurred in this district and a substantial part of the property that is the subject of the action is situated in this district.

## THE PARTIES

7. The Plaintiff, Gary Null & Associates is a New York Corporation with a place of business at 27 East 31st Street, FL. 12, New York, NY 10016. Plaintiff is the owner of all right title and interest in and to the trademarks, copyrights, goodwill, and all other intellectual property based on the works, articles, multimedia products, and all other creations of Dr. Gary Null. Plaintiff is also the owner of the trademarks for a line of premium health products developed by Mr. Null featuring only the highest quality vitamin and mineral supplements and nutraceutical powders made from nature's most beneficial super foods as well as a selection of natural skin, hair and oral hygiene products and state-of-the-art water and air purification systems. The Plaintiff also sells and distributes a large collection of multimedia products containing Gary Null's multi-award winning health related documentaries.

8. An internationally renowned expert in the field of health and nutrition, Gary Null, Ph.D is the author of over 70 books, including many best sellers on healthy living and the director of over 100 critically acclaimed full-feature documentary films on natural health, self-empowerment and the environment. He is the host of "The Gary Null Show", the country's

3

longest running nationally syndicated health radio talk show which can be heard on The

Progressive Radio Network, on radio station WBAI in New York and elsewhere.

9.   Throughout his career, Gary Null has made hundreds of radio and television broadcasts

throughout the country as an environmentalist, consumer advocate, investigative reporter and

nutrition educator. More than 28 different Gary Null television specials have appeared on PBS

stations throughout the nation, inspiring and motivating millions of viewers. He originated and

completed more than one hundred major investigations on health issues resulting in the use of

material by 20/20 and 60 Minutes, among others.

10. On information and belief the Defendant Pacifica Foundation is California non-profit

Corporation with a place of business in this district at 388 Atlantic Avenue, Brooklyn, NY.

Pacifica currently owns and operates five FM radio stations:

Radio Station - KPFA-Berkeley, California
Radio Station - KPFK-Los Angeles, California
Radio Station - KPFT-Houston, Texas
Radio Station - WBAI-New York, New York
Radio Station - WPFW-Washington, D.C.

11. Upon information and belief throughout times relevant to this action Defendants Berthold

Reimers and Mitchell Cohen were managers of defendant WBAI who had knowledge of and

either participated in, allowed or condoned the actions complained of herein.

12. Upon information and belief throughout times relevant to this action Defendants Lydia

Brazon and John Gladney Proffitt were managers of defendant Pacifica who had knowledge of

and either participated in, allowed or condoned the actions complained of herein.

13. Upon information and belief throughout times relevant to this action defendant Margy

Wilkinson was a member and chair of the defendant Pacifica National Board who had

4

knowledge of and either participated in, allowed or condoned the actions complained of herein.

## THE PLAINTIFF'S INTELLECTUAL PROPERTY

14. Plaintiff is the owner of all right title and interest in and to the trademark and service mark GARY NULL. Under the GARY NULL service Mark Plaintiff renders educational services live and via radio, television, the Internet and through all methods of online streaming in the fields of nutrition, politics, psychology and health. Under the GARY NULL trademarks, the Plaintiff is engaged in the sale of prerecorded DVDs and CDs and books on the subjects of nutrition, politics, psychology and health as well as power foods, vitamins and minerals, oral care products, hair care products, skincare products and air and water purification products.

15. Plaintiff is the owner of many trademark registrations consisting of or containing the mark GARY NULL ("GARY NULL marks") . These include:

- registration number 2,340,776 for the service mark GARY NULL, registered with respect to "educational services, namely, lectures, seminars and courses in the fields of nutrition, politics, psychology and health by means of radio and television broadcast; radio programs featuring performances by radio personality Gary Null.

- Registration number 2,397,400 for the trademark GARY NULL'S, registered with respect to nutritional supplements, vitamins, herbal extracts for use as nutritional supplements, and beverage mixtures, namely nutritional drink mixes for use as meal replacements.

- Registration number 2,506,062 4 the trademark GARY NULL'S, registered with respect to cosmetics and beauty and health aids, namely soaps, perfumes, hair lotions and non-medicated topical skin preparations.

16. Other registered trademarks owned by the Plaintiff covering a wide variety of power foods, vitamins, minerals, herbal extracts, nutrition bars, nutritional drink mixes and related products include GARY NULL POWER FOODS, GARY NULL POWER STUFF, GARY NULL'S MUSCLE, GARY NULL'S ESSENTIAL, MEAL, GARY NULL'S' SUPREME HEALTH FORMULA, GARY NULL'S GREENS & GRAINS and numerous others.

17 .Each and every DVD, CD and book identifies Gary Null as its author and/or identifies each work as "a Gary Null production." Each and every radio and television program as well as each program streamed via Internet, by podcast or through any other method is personally produced and performed by Gary Null, often along with invited guests and callers from the listening audience. Each and every product produced under the supervision of Plaintiff and sold on the Plaintiff's website, through the websites of others or through health food or other stores bears the name GARY NULL on the label. Through use of this name over the last 40 years, consumers have come to know that any product or service mentioning or bearing the name GARY NULL is produced by, distributed by, licensed by or endorsed by the Plaintiff, who strictly controls the quality of each and every product and service bearing the GARY NULL name.

18 . As a result of the forgoing and similar use and promotion the name, trademark and service mark GARY NULL has become a famous and highly distinctive trademark.  The mark is particularly known to listeners and subscribers to radio station WBAI and listeners of other

stations owned by Defendant Pacifica as "The Gary Null Show", an ongoing hour long program, has been hosted by Defendant WBAI for almost 40 years and on other Pacifica stations for various lengths of years.

19.  Plaintiff is the owner of about 80 registered copyrights for works authored by Gary Null.  These registered copyrights include but are not limited to:

*7 Steps to Perfect Health, copyright registration #SR 000300952*

*Arthritis: A Natural Approach, copyright registration #PA 0001054368*

*Be a Healthy Woman!, Copyright registration #TX0006977207*

*Food-Mood-Body Connection, copyright registration #V3474D340*

*Kiss Your Fat Goodbye/Get Fit Now, copyright registration #PA0001383671*

*Gary Null's Mind Power, copyright registration #TX 0006303473*

*No More Allergies: Identifying and Eliminating Allergies and Sensitivity Reactions to Everything in Your Environment, copyright registration #TX0003461886*

*Gary Null's Power Foods: the 15 best foods for your health, copyright registration #TX0006498023*

*Joy of Juicing: creative cooking with your juicer, copyright registration #TX 0005419823*

*Joy of Juicing: 150 Imaginative, Healthful Juicing Recipes for Drinks, Soups, Salads, Sauces, Entrées and Desserts: 3rd edition, copyright registration #TX0007678359.*

The above list is a sampling of registered copyrights owned by the Plaintiff. Plaintiff reserves the right to amend the complaint to include additional registered copyrights if in the course of discovery it finds the inclusion of those copyrights to be relevant.

20.  Each of the above listed works that are subject to copyright registration or derivative works incorporating the copyrighted works are among those that have been distributed to either WBAI or one of the other radio stations owned by defendant Pacifica Foundation for the purpose of being offered as incentives or premiums in exchange for subscriptions or other donations to

defendant WBAI or one of their other radio stations. Plaintiff has also distributed many other works to the Defendants for which applications to register copyrights are presently pending.

### Plaintiff's Offering of Premiums

21.  The member radio stations of defendant Pacifica are dependent upon subscriptions and donations from listeners for their financial survival. To help induce listeners to make donations or become subscribers the stations will offer various "incentives" or "premiums" ("premiums") in the form of products or services that will be given for free for those who donate a certain amount or subscribe at a certain level. These premiums are provided by various third-party vendors, including the Plaintiff.

22.  Since about 1977, a period of 39 years, Plaintiff has provided or has offered to provide in excess of twenty thousand (20,000) premiums to Defendant Pacifica Foundation and its member stations, including WBAI, in the form of DVDs, CDs, books and services. In the last 3 years alone this number has exceeded five thousand (5,000).

23.  Although Plaintiff is aware that the products and services of other parties have also been used as premiums by the Defendants, upon information and belief Plaintiff is the largest provider of premiums to the Defendants and has raised more money for the Defendants through the offering of its premiums than any other provider, by a large margin.

### Defendants' Infringing Conduct

24.  Upon information and belief Defendants, upon receiving subscriptions or donations due to the offering of Plaintiff's products as premiums failed to keep their promises to fulfill many of those premiums by either not delivering the products at all or only after a period of many

8

months. Upon further information and belief Defendants did not fulfill premium based subscriptions or donations with product produced by or on behalf of Plaintiff but with spurious copies made by illegally duplicating Plaintiff's multimedia products and printing and applying false labels, which it then distributed as genuine product.

25. Upon information and belief said infringing conduct has been ongoing for approximately the last ten years.

26. Upon information and belief Defendants have been repeatedly warned both internally and from outside sources that their continuing and pervasive activities in failing to fulfill premiums and/or fulfilling them with copies of products made in-house was illegal and needed to stop.

27. None of the above named Defendants are or ever were authorized by Plaintiff to make copies of any of its products or provide its own labels on copies of products it manufactured or had manufactured containing Plaintiff's content.

28. At no time when the Defendants failed to fulfill a premium or delayed fulfilling premiums beyond the time allowed under Federal Law, did it inform Plaintiff of the facts or seek its approval or permission.

**AND AS FOR A FIRST CAUSE OF ACTION – TRADEMARK COUNTERFEITING**

29. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

30. Defendants, without authorization from Plaintiff, have used and are continuing to use spurious designations that are identical to, or substantially indistinguishable from the GARY NULL marks in interstate commerce.

31. The foregoing acts of Defendants are intended to cause, have caused, and are likely to continue to cause confusion or mistake, or deceive consumers, the public and the trade into believing that Defendants' counterfeit products are genuine or authorized products of Plaintiff.

32. Upon information and belief, Defendants have committed these acts with knowledge of Plaintiff's ownership of the GARY NULL marks and with the deliberate intention or willful blindness to unfairly benefit from the incalculable goodwill inherent in the GARY NULL marks.

33. Defendants' acts constitute trademark counterfeiting in violation of section 32 of the Lanham Act (15 U.S.C. § 1114).

34. Upon information and belief, Defendants have made and will continue to make substantial profits and gains to which they are not now in law or equity entitled.

35. Upon information and belief, Defendants intend to continue their infringing acts, unless restrained by this court.

36. In light of the foregoing, Plaintiffs are entitled to injunctive relief prohibiting Defendants from using the GARY NULL marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff have sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result there of, in an amount not yet known, as well as

the cost of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b) , and/or statutory damages pursuant to 15 U.S.C. §1117(c).

## AND AS FOR A SECOND CAUSE OF ACTION—FEDERAL TRADEMARK INFRINGEMENT

37. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

38. The GARY NULL marks are nationally recognized, including within the Eastern District of New York, as being affixed to goods and merchandise and affiliated with the services of the highest quality and coming exclusively from the Plaintiff.

39. Registrations embodying the GARY NULL name are in full force and effect and all authorized use of products or services bearing the marks are under Plaintiff's supervision.

40. Defendants' unauthorized use of the GARY NULL marks on merchandise not manufactured by or on behalf of Plaintiff and advertising relating to the same constitutes false designation of origin and a false representation that the goods and services are manufactured, offered, sponsored, authorized, licensed by or otherwise connected with Plaintiff or come from the same source as Plaintiff's goods and are the same quality as that assured by the GARY NULL marks.

41. Defendants' use of the GARY NULL marks is without Plaintiff's permission or authority and is in total disregard of Plaintiff's rights to control its trademarks.

42. Defendants' activities are likely to lead to and result in confusion, mistake or deception and are likely to cause the public to believe that Plaintiff has produced, sponsored, authorized,

licensed or is otherwise connected or affiliated with Defendants' commercial and business activities, all to the detriment of Plaintiff.

43. Upon information and belief, Defendants' acts were deliberate and intended to confuse the public as to the source of Defendants' goods or services and to injure Plaintiff and reap the benefit of Plaintiff's goodwill associated with the GARY NULL trademarks.

44. As a direct and proximate result of Defendants willful and unlawful conduct, Plaintiff has been injured and will continue to suffer injury to its business and reputation unless Defendants are restrained by this court from infringing Plaintiffs trademarks.

45. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GARY NULL marks or any marks identical and/or confusingly similar thereto for any purpose, and to recover from Defendants all damages, including attorneys' fees, that Plaintiff has sustained and will sustain as a result of such infringing acts, and all gains, profits and advantages obtained by Defendants as a result thereof, in an amount not yet known, as well as the cost of this action pursuant to 15 U.S.C. § 1117(a), attorneys' fees and treble damages pursuant to 15 U.S.C. §1117(b) , and/or statutory damages pursuant to 15 U.S.C. §1117(c).

**AND AS FOR A THIRD CAUSE OF ACTION -FALSE DESIGNATION OF ORIGIN AND FALSE ADVERTISING**

46. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

47. The GARY NULL marks are inherently distinctive and/or have become distinctive in commerce long before any of the acts complained of herein and have achieved a high degree of

consumer recognition and serves to identify Plaintiff as the source of high-quality goods and services.

48. Defendants' manufacturing, promotion, advertising, distribution, sale, and/or offering for sale of counterfeit GARY NULL products, together with Defendants' use of other indicia associated with GARY NULL is intended, and is likely to confuse, mislead, or deceive consumers, the public, and the trade as to the origin, source, sponsorship, or affiliation of said products and is intended, and is likely to cause such parties to believe in error that the Defendants' counterfeit products have been authorized, sponsored, approved, endorsed were licensed by Plaintiff or that Defendants are in some way affiliated with Plaintiff.

49. Defendants' use of the GARY NULL marks is without Plaintiff's permission or authority is in total disregard the Plaintiff's rights to control its trademarks.

50. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GARY NULL marks, or any marks confusingly similar thereto, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain, and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the costs of this action.

**AND AS FOR A FOURTH CAUSE OF ACTION-FEDERAL TRADEMARK DILUTION**

51. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

52. The GARY NULL marks are strong and distinctive marks that have been in use for many years and have achieved enormous and widespread public recognition and are thus "famous" within the meaning of the Lanham Act.

53. Defendants have used in commerce in connection with the sale of their products counterfeit reproductions of the GARY NULL marks which are likely to cause and most likely have caused confusion or mistake as to the affiliation, connection, or association between Defendants and Plaintiff, or as to the origin, sponsorship, or approval of said counterfeit goods by Plaintiff.

54. Defendants' acts described above have diluted and continue to dilute the unique and distinctive GARY NULL marks. These actions violate the Lanham Act and have injured and, unless immediately restrained, will continue to injure Plaintiffs, causing damage to Plaintiff in an amount to be determined at trial, as well as irreparable injury to the goodwill and reputation associated with the GARY NULL marks.

55. Upon information and belief, Defendants' unlawful actions began long after the GARY NULL marks became famous.

56. Upon information and belief, Defendants acted knowingly, deliberately and willfully and with the intent to trade on the reputation of the GARY NULL marks, and to dilute the GARY NULL marks. Defendants' conduct is willful, wanton and egregious.

57. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GARY NULL marks and to recover all damages, including attorneys' fees, that the Plaintiffs have sustained and will sustain and all gains, profits and advantages obtained by

Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the cost of this action.

### AND AS FOR A FIFTH CAUSE OF ACTION - DECEPTIVE TRADE PRACTICES UNDER NEW YORK LAW.

**58**. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

**59**. The Defendants' conduct is likely to cause and has indeed caused confusion or mistake among consumers as to the source of the Defendants' products or as to the sponsorship, endorsement, approval or authorization by, or affiliation with Plaintiff, in violation of sections 133 ("use of name with intent to deceive"), 349 ("deceptive acts and practices unlawful"), and 350-D ("civil penalty") of the New York State General Business Law.

### AND AS FOR A SIXTH CAUSE OF ACTION – INJURY TO BUSINESS REPUTATION; DILUTION AND UNFAIR COMPETITION UNDER NEW YORK LAW

**60**. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

**61**. The Defendants' conduct as stated above constitutes a likelihood of injury to the business reputation of Plaintiff and dilution of the distinctive quality of the GARY NULL marks in violation of 360 –l of the New York general business law

### AND AS FOR A SEVENTH CAUSE OF ACTION – COMMON LAW UNFAIR COMPETITION

**62**. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as though fully set forth herein.

**63**. Plaintiff owns and enjoys common law trademark rights to use the GARY NULL trademarks in New York and throughout the United States.

64. Defendants' unlawful acts in appropriating rights in the GARY NULL marks were intended to capitalize on Plaintiff's goodwill associated there with for Defendants' own pecuniary gain. Plaintiff has expended substantial time, resources and effort to obtain an excellent reputation for its GARY NULL branded goods and services. As a result of Plaintiff's efforts, Defendants are now unjustly enriched and are benefiting from property rights that rightfully belong to the Plaintiff.

65. Defendants' unauthorized use of the GARY NULL marks has caused and is likely to cause confusion as to the source of the Defendants' products, all to the detriment of Plaintiff.

66. Defendants' acts are willful, deliberate and intended to confuse the public and to injure Plaintiff.

67. Defendants' acts constitute unfair competition under New York common-law.

68. The conduct herein complained of was extreme, outrageous, fraudulent and was inflicted on Plaintiff in reckless disregard of Plaintiff's rights. Said conduct was despicable and harmful to Plaintiff and such supports an award of exemplary and punitive damages in an amount sufficient to punish and to make an example of the Defendants and to deter them from such similar conduct in the future.

69. In light of the foregoing, Plaintiff is entitled to injunctive relief prohibiting Defendants from using the GARY NULL marks, and to recover all damages, including attorneys' fees, that Plaintiff has sustained and will sustain and all gains, profits and advantages obtained by Defendants as a result of their infringing acts alleged above in an amount not yet known, as well as the cost of this action.

## AND AS FOR AN EIGHTH CAUSE OF ACTION - DIRECT COPYRIGHT INFRINGEMENT

**70.** Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

**71.** Through their conduct as averred herein, Defendants have infringed Plaintiff's copyrights by reproducing and distributing copies of Plaintiff's works, without authorization, permission or consent from Plaintiffs in violation of 17 U.S.C. §§ 106 and 501.

**72.** Each infringement by Defendants' of Plaintiff's copyrighted works constitutes a separate and distinct act of infringement.

**73.** Defendants' acts of infringement are willful, intentional and purposeful, in disregard of and with indifference to Plaintiff's rights.

**74.** As a direct and proximate result of Defendants' infringement of Plaintiff's exclusive rights under copyright, Plaintiff is entitled to damages and Defendants' profits pursuant to 17 U.S.C. §504(b), in amounts to be proven at trial, which are not currently ascertainable.

**75.** Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 for each of Plaintiff's copyrighted works that Defendants' have infringed, or for such other amounts as may be proper under 17 U.S.C. 504(c).

**76.** Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

**77.** The conduct of Defendants is causing and, unless enjoined and restrained by this court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502

and 503, Plaintiff is entitled to injunctive relief prohibiting Defendants from further infringing Plaintiff's copyrights and ordering Defendants to destroy all copies of the infringing work and/or other material made in violation of Plaintiff's exclusive rights.

### AND AS FOR A NINTH CAUSE OF ACTION – CONTRIBUTORY COPYRIGHT INFRINGEMENT

78.  Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

79.  Upon information and belief, Plaintiff's copyrighted works are directly infringed each time anyone copies through the Defendants' facilities any of those works. By providing the site and facilities necessary for others to commit direct copyright infringement, by providing a means for the reproduction and distribution of infringing works and by failing to terminate known repeat infringers, Defendants have and continue to materially contribute to the unauthorized reproductions and distributions of Plaintiff's copyrighted works.

80.  Upon information and belief Defendants have repeatedly, over years, been provided with actual knowledge of the direct infringements occurring within its facilities.

81.  Upon information and belief Defendants have not acted reasonably or in good faith in response to notices of repeated copyright infringement.

82.  Defendants' acts of infringement have been willful, intentional, and purposeful in disregard of and in indifference to Plaintiff's rights.

83.  As a direct and proximate result of Defendants' infringements of Plaintiff's copyrights and exclusive rights under copyright Plaintiffs are entitled to damages and Defendants' profits

pursuant to 17 U.S.C. §504(b), in amounts to be proven at trial, which are not currently ascertainable.

84. Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 for each of Plaintiff's copyrighted works that Defendants' have infringed, or for such other amounts as may be proper under 17 U.S.C. 504(c).

85. Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

86. The conduct of Defendants is causing and, unless enjoined and restrained by this court, will continue to cause Plaintiff great and irreparable injury that cannot fully be compensated or measured in money. Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further contributory infringement of Plaintiff's copyrights.

## AND AS FOR A TENTH CAUSE OF ACTION – VICARIOUS COPYRIGHT INFRINGEMENT

87. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

88. Defendants had, and continue to have, the right and ability to supervise and/or control the infringing conduct complained of herein by, without limitation, blocking access to duplicating equipment or terminating or otherwise preventing others from distributing infringing copies. But Defendants have failed to exercise such supervision and/or control. As a direct and proximate result of such failure, Defendants agents have repeatedly infringed and will continue to repeatedly infringe Plaintiff's copyrighted works.

89.  Defendants derived and continue to derive substantial and direct financial benefit from the infringements of Plaintiff's copyrighted works in the form of continued subscriptions and/or donations and by having donors and subscribers drawn to its service for the purpose of accessing and/or providing infringing content.

90.  Defendants have not acted reasonably or in good faith in response to repeated notices of infringement.

91.  Defendants acts of infringement have been willful, intentional and purposeful, in disregard of and in indifference to Plaintiff's rights.

92.  As a direct and proximate result of Defendants infringements of Plaintiff's copyrights and exclusive rights under copyright Plaintiffs are entitled to damages and Defendants' profits pursuant to 17  U.S.C. §504(b), in amounts to be proven at trial, which are not currently ascertainable.

93.  Alternatively, Plaintiff is entitled to the maximum statutory damages in the amount of $150,000 for each of Plaintiff's copyrighted works that Defendants' have infringed, or for such other amounts as may be proper under 17 U.S.C. 504(c).

94.  Plaintiff is further entitled to its attorneys' fees and full costs pursuant to 17 U.S.C. §505.

95.  The conduct of Defendants is causing and, unless enjoined and restrained by this court, will continue to cause Plaintiffs great and irreparable injury that cannot fully be compensated or measured in money. Plaintiffs have no adequate remedy at law. Pursuant to 17 U.S.C. §§ 502 and 503, Plaintiff is entitled to injunctive relief prohibiting further vicarious infringement of Plaintiff's copyrights.

**AND AS FOR AN ELEVENTH CAUSE OF ACTION – BREACH OF CONTRACT**

96. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

97. For a period going back about 39 years, Plaintiff has provided and/or offered to provide premiums to Defendants in the nature of multimedia products encompassing the trademarks and original works of the Plaintiff.

98. Throughout this period Plaintiff and Defendants have entered into written and verbal agreements providing that Plaintiff would provide goods to fulfill premiums, at or near cost, and that Defendants would purchase those premiums in fulfillment of its obligations to subscribers.

99. Upon information and belief Defendants repeatedly failed to perform their obligations under the contracts and either did not fill premiums at all or fulfilled them with counterfeit product, not purchased from or approved by Plaintiff although claimed to be products of the Plaintiff.

100. The failure to perform set forth above constitutes breaches of the various written and oral contracts.

101. Plaintiff has been damaged by the breaches set forth above, in an amount yet to be determined, by not being paid for its products and by having illegal product distributed in its stead as well as for as well as damage to its good will and business reputation

102. Upon information and belief, Defendants' breaches were intentional.

**AND AS FOR A TWELFTH CAUSE OF ACTION – EQUITABLE ESTOPPEL**

103. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

104. For the purposes of this claim, Plaintiff alleges in the alternative that there was no specific contract or contractual provision addressing the providing and use of premiums or that the promises made were outside of and for actions by the parties that were not covered by any existing contract otherwise referred to herein.

105. The Representations made by Defendants that they would obtain genuine products from Plaintiff to use as premiums were as to material facts.

106. The representations made by Defendants were contrary to the actions taken by Defendants, who failed to perform as promised.

107. Plaintiff relied on Defendants representations.

108. Plaintiff suffered detriment and pecuniary loss, as well as damage to its good will and business reputation as a result of the representations made by Defendants and Plaintiffs reliance thereon.

109. As a result, Plaintiff has suffered damages in an amount not yet determined.

**AND AS FOR A THIRTEENTH CAUSE OF ACTION - FRAUD**

110. Plaintiff incorporates herein by reference the averments of the preceding paragraphs as if fully set forth herein.

111.  At various times relevant to this action Defendants falsely and fraudulently represented to Plaintiff that they would purchase genuine, legal product from Plaintiff to use as premiums to fulfill pledges for donations and subscriptions to the various member radio stations.

112.  The representations made by Defendants were in fact false. Defendants did not purchase product from Plaintiff and instead made illegal copies to distribute to those who made pledges in order to obtain Plaintiff's goods.

113.  When the defendants made these representations to Plaintiff,  defendant knew them to be false and these representations were made by Defendants with the intent to defraud and deceive Plaintiff and with the intent to induce Plaintiff to act in the manner herein alleged.

114.  Plaintiff, at the times these representations were made by Defendants and the time Plaintiff provided or agreed to provide product, was ignorant of the falsity of Defendants' representations and believed them to be true.

115.  In reliance on these representations, Plaintiff was induced to and did provide or agreed to provide product that would be used as premiums. Had Plaintiff known the actual facts and intention of Defendants, Plaintiff would not have taken such action

116.  Plaintiff's reliance on Defendants' representations was justified because such an arrangement would be to the mutual benefit of both parties.

117.  As a proximate result of Defendants' fraud and deceit and the facts herein alleged, Plaintiff was damaged in amount yet to be determined.

118.  In doing the acts herein alleged, defendant acted with oppression, fraud, and malice, and Plaintiff is entitled to punitive damages in an amount to be determined by the court.

**WHEREFORE**, Plaintiff respectfully requests judgment against the Defendants as follows:

1. Granting permanent injunctive relief restraining and enjoining Defendants, their officers, agents, employees and attorneys, and all those persons or entities in active concert or participation with them from:

    a. Manufacturing, advertising, marketing, promoting, supplying, distributing or otherwise offering or selling any products which bear the GARY NULL marks, or any other mark confusingly similar thereto or which contain content consisting of or incorporating the works of the Plaintiff.

    b. Engaging in any other activity constituting unfair competition with Plaintiff, or acts or practices that deceive consumers, the public, and/or trade, including without limitation, the use of designations and design elements associated with Plaintiff.

    c. Engaging in any other activity that will dilute the distinctiveness of the GARY NULL trademarks.

    d. Committing any other act which falsely represents or which has the effect of falsely representing that the goods and services of Defendants are licensed by, authorized by, offered by, produced by, sponsored by or in any other way associated with Plaintiff.

2. Ordering Defendants to recall from its facilities or those in its control as well as from any subscribers or donors and to deliver to Plaintiff for destruction or other disposition all

remaining inventory of all infringing products, including all advertisements, promotional and marketing materials therefore, as well as any means of making the same.

3. Ordering Defendants to file with this court and serve on Plaintiff within thirty (30) days after entry of the injunction a report in writing, under oath setting forth in detail the manner and form in which Defendants have complied with the injunction.

4. Ordering an accounting by Defendants of all gains, profits and advantages derived from the wrongful acts.

5. Ordering the imposition of a constructive trust with respect to Defendants' profits attributable to their infringements of Plaintiff's copyrights and trademarks.

6. For an order requiring Defendants to hold all money received from any future subscription or membership drive offering a premium in a constructive trust until such time as the promised premium is promptly shipped.

7. Awarding Plaintiffs all of Defendants' profits and all damages sustained by Plaintiff as a result of Defendants' wrongful acts and, and other such compensatory damages as the court determines to be fair and appropriate pursuant to 15 U.S.C. §1117(a).

8. Awarding treble damages in the amount of Defendants' profits or Plaintiff's damages, whichever is greater, for willful infringement pursuant to 15 U.S.C. §1117(b).

9. Awarding Plaintiff statutory damages pursuant to 15 U.S.C. 1117(c)

10. Awarding Plaintiffs actual and/or statutory damages for Defendants' copyright infringement in an amount to be determined at trial;

11. Awarding Plaintiff its costs, reasonable attorneys' fees, and disbursements in this action, pursuant to 17 U.S.C. § 505; and

12. Awarding Plaintiff such other and further relief as is just and proper.

GARY NULL & ASSOCIATES INC.

By:_____

Neal S. Greenfield (NG4326)
Attorney for Plaintiff


Neal S. Greenfield, Esq.
2830 Ocean Parkway, #21G
Brooklyn, NY 11235
Phone: (347) 263-4953
Email: nealgreenfieldesq@gmail.com


Dated : January, 15 2016

26